A02A1700. MEMBERS OF CALVARY MISSIONARY BAPTIST
CHURCH et al. v. JACKSON et al.
(578 SE2d 275)

MILLER, Judge.

The members of Calvary Missionary Baptist Church and Calvary Missionary Baptist Church, Inc. appeal from the trial court's order dismissing their lawsuit against Mary Jackson and other former church members for want of jurisdiction. Upon review we find that the subject matter of the lawsuit was secular in nature and did not involve matters of church policy. Since the trial court had jurisdiction to decide this matter, we reverse.

The record reveals that the parties have had a long history of legal disputes and conflicts. Appellees claim that as the Board of Directors of Calvary Missionary Baptist Church, Inc., they fired the church pastor. The pastor refused to vacate his position, and the members of the church voted to remove appellees from the Board of Directors and then from the church, allegedly pursuant to the Georgia Nonprofit Corporation Code, OCGA § 14-3-101 et seq.

Appellants then filed a lawsuit against appellees based on alleged actions that appellees had taken while purporting to continue as the Board of Directors of the church. Specifically, appellants alleged, among other things, that the former Board members wrongfully took control of church bank accounts, issued checks from the church's account, and interfered with the church's ability to sell its real property. Appellants moved for summary judgment on their claims, and appellees moved to dismiss the complaint due to lack of jurisdiction. The court denied appellants' motion for summary judgment and, treating appellees' motion to dismiss as a motion for summary judgment, granted summary judgment to appellees. This appeal followed.

Appellants claim that the trial court did not have to delve into ecclesiastical matters to determine (1) the disposition of church property and (2) whether appellants complied with the provisions of the Georgia Nonprofit Corporation Code in dismissing the former Board members. They argue that the issues regarding who constituted the proper Board of Directors and whether the alleged former Board members could control church property are secular in nature and capable of judicial review. We agree.

While it is true that the courts may not inquire into a controversy relating to religious matters such as internal church proce-

dures and expulsion from church membership (see *Kim v. Lim*, 254 Ga. App. 627, 632 (2) (563 SE2d 485) (2002)), the court does have jurisdiction to resolve issues that do not require an impermissible intrusion or excessive entanglement into ecclesiastical matters. See *First Born Church of the Living God v. Bank South*, 221 Ga. App. 739, 740 (472 SE2d 469) (1996); *Greer v. Davis*, 244 Ga. App. 317, 319-320 (1) (534 SE2d 853) (2000). Without intruding upon religious or doctrinal matters, trial courts may legitimately consider matters such as the distribution or disposition of tangible church property such as bank accounts, realty, and other temporal assets. *Kim*, supra, 254 Ga. App. at 632 (2).

Here the trial court would not have to delve into any ecclesiastical matters to determine whether appellees are duly elected members of the church Board of Directors under the relevant statutes and controlling documents and to determine the disposition of the tangible church property at issue. The court need not consider ecclesiastical issues over which it would have no jurisdiction (such as church membership, see, e.g., *Masjid Al-Ihsaan, Inc. v. Ouda*, 251 Ga. App. 25, 26-27 (553 SE2d 331) (2001), or the role of the pastor in relation to the Board of Directors) to resolve the neutral, secular issues presented to the trial court in appellants' lawsuit. The trial court therefore erred in dismissing appellants' lawsuit and in awarding summary judgment to appellees due to lack of jurisdiction.

Appellees' motion to dismiss the appeal is denied.

*Judgment reversed. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED FEBRUARY 13, 2003.

*DeLong, Caldwell, Novotny & Bridgers, Edmund J. Novotny, Jr., Charles R. Bridgers*, for appellants.

*Scott Walters, Jr.*, for appellees.