A04A1174. JACKSON et al. v. MEMBERS OF CALVARY
MISSIONARY BAPTIST CHURCH et al.
(603 SE2d 711)

MILLER, Judge.

This is the second appearance of this case before us. In *Members of Calvary Missionary Baptist Church v. Jackson*, 259 Ga. App. 647 (578 SE2d 275) (2003), church members appealed from a trial court order dismissing their lawsuit against Mary Jackson (a former church member) and other former church members for lack of jurisdiction. The underlying lawsuit involved issues regarding (i) the disposition of church property and (ii) church members' compliance with the provisions of the Georgia Nonprofit Corporation Code (OCGA § 14-3-101 et seq.) in dismissing Jackson and the other former church members from the church's Board of Directors. See *Jackson*, supra, 259 Ga. App. at 647. We reversed the trial court's decision to dismiss the lawsuit, holding that because the resolution of the substantive issues in the case would not entangle the court excessively into ecclesiastical matters, the trial court had jurisdiction to resolve the church members' claims. Id. at 648. Following the issuance of this Court's opinion in *Jackson*, supra, the church members moved for partial summary judgment, arguing that Jackson and the other former church members had been properly dismissed from the Board of Directors, and that therefore as a matter of law the former members had wrongfully converted church property and interfered with church contractual relationships by taking certain actions while purporting to still be members of the Board. The court granted the motion in part, concluding that (i) the former church members were no longer members of the Board (and therefore had no authority to control the temporal assets of the church), and (ii) issues of fact remained with respect to the church members' claims of conversion and intentional interference with contractual relations. Jackson and the other former church members appeal from the partial grant of summary judgment in favor of the current church members. For the reasons that follow, we affirm.

On appeal from the grant of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. *Holbrook v. Stansell*, 254 Ga. App. 553-554 (562 SE2d 731) (2002).

So viewed, the evidence reveals that Calvary Missionary Baptist Church, Inc., is a nonprofit corporation consisting of approximately 400 members of the Calvary Missionary Baptist Church. The church was incorporated under its original articles of incorporation and

bylaws in 1987. Under those articles of incorporation, all but one of the appellants herein were named to the Board of Directors. The articles of incorporation state that the affairs of the corporation are to be managed by the Board of Directors.[1]

In November 1998 appellees filed restated articles of incorporation and wrote new bylaws. In the new bylaws, appellants were replaced as members of the Board of Directors. However, appellants complained that the new articles of incorporation and bylaws were not valid and continued to hold themselves out as the Board of Directors. At that time, appellees decided to assume "for the sake of argument" that the original articles of incorporation and bylaws were still in effect and that appellants were still the Board of Directors. Appellees made it clear, however, that they were not waiving their assertion that appellants were not in fact the Board of Directors.

Appellees then turned to the Georgia Nonprofit Corporation Code (OCGA § 14-3-101 et seq.) to request a special meeting and elect a new Board of Directors. Between November 7 and November 10, 1999, a written demand for a special meeting was signed and dated by 93 members of the church. The demand listed two purposes for the meeting, one of which was to conduct an election for a new Board of Directors. That same month, a copy of this demand was sent via certified mail to each of the appellants and their attorney. Appellants failed to schedule the meeting, and appellees then scheduled the meeting for January 9, 2000. Appellees sent notification of the meeting to each of the appellants, as well as their attorney, and to each church member before December 25, 1999. The meeting was further announced during worship services the three Sundays before it was held, and notice of the meeting was posted at the church office and on the official announcement board. The notice listed the time, date, location, and purpose of the meeting.

Appellants did not attend the January 9 meeting. Nominations were taken from the members present at the meeting and a slate of five people was nominated. Next, the members were asked if anyone wished to nominate any of the appellants. No one chose to nominate them. The Board of Directors was voted on as a group. Each member wishing to vote for the group was asked to stand and state their name. After the votes in favor of the group were counted, those wishing to vote against the group were asked to stand. One hundred ninety-seven members voted for the nominated group to be the new Board of Directors; none voted against the group. All church members who attended the meeting were allowed to vote.

---

[1] OCGA § 14-3-801 (b) further explains that a board of directors exercises all corporate powers, including managing the business and affairs of the corporation.

The trial court concluded that after the January 9, 2000 meeting, appellants were no longer members of the church's Board of Directors and therefore had no authority to control the temporal assets of the church after that date. Accordingly, the court granted summary judgment to appellees on the issues relating to appellants' proper dismissal from the Board of Directors. Appellants contend that this ruling was erroneous.

In order to resolve the salient issues raised by appellants here, we need not look any further than the plain language of Georgia's Nonprofit Corporation Code. OCGA § 14-3-702 (a) (2) provides that a nonprofit corporation shall hold a special meeting "if the holders of at least 5 percent of the voting power of [the] corporation sign, date, and deliver to any corporate officer one or more [written] demands . . . for the meeting describing the purpose or purposes for which it is to be held," unless otherwise specified in the corporation's articles or bylaws. The statute further provides in subsection (c) that if a special meeting is demanded and notice for a special meeting "is not given . . . within 30 days after the date the [written] demand or demands . . . are delivered to a corporate officer . . . a person signing the demand . . . may set the time and place of the meeting and give notice pursuant to Code Section 14-3-705." That section provides:

(a) A corporation shall give notice consistent with its bylaws of meetings of members in a fair and reasonable manner.

(b) Any notice that conforms to the requirements of subsection (c) of this Code section is fair and reasonable, but other means of giving notice may also be fair and reasonable when all the circumstances are considered; provided, however, that notice of matters referred to in paragraph (2) of subsection (c) of this Code section must be given as provided in subsection (c) of this Code section.

(c) Notice is fair and reasonable if:

(1) The corporation notifies its members of the place, date, and time of each annual, regular, and special meeting of members no fewer than ten days (or if notice is mailed by other than first-class or registered mail or statutory overnight delivery, 30 days) nor more than 60 days before the meeting date;

(2) Notice of an annual or regular meeting includes a description of any matter or matters that must be approved by [a] member[ ] under Code Section 14-3-855, 14-3-863,

14-3-1003, 14-3-1021, 14-3-1103, 14-3-1202, or 14-3-1402; and

 (3) Notice of a special meeting includes a description of the matter or matters for which the meeting is called.

The evidence reveals that appellees properly followed the Non-profit Corporation Code in scheduling the special meeting and voting to remove appellants from the Board of Directors. Well over five percent of the corporation's voting members signed, dated, and mailed a demand to appellants requesting a special meeting to potentially elect a new Board of Directors. OCGA § 14-3-702 (a) (2). When appellants failed to set the meeting within 30 days, appellees gave fair and reasonable notice (under all the facts and circumstances here) of the time, place, and purpose of the meeting pursuant to OCGA § 14-3-705 (b) and (c). At the meeting, a majority of the members selected a new Board of Directors of the church, and they chose not to nominate or elect appellants. See OCGA § 14-3-723 (a) (Unless the Nonprofit Corporation Code, the articles of incorporation, or the corporation's bylaws "require a greater vote or voting by class, if a quorum is present, the affirmative vote of a majority of the votes cast is the act of the members.").[2] Therefore, appellees were entitled to summary judgment on the issue of whether appellants were properly dismissed from the Board of Directors. Accordingly, following their dismissal from the Board, appellants had no authority to control the temporal assets of the church.

 *Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 20, 2004.

*Scott Walters, Jr.,* for appellants.
*Delong, Caldwell, Novotny & Bridgers, Edmund J. Novotny, Jr., Charles R. Bridgers,* for appellees.

---

[2] We are bound by the church bylaws, which state that a quorum is met when at least seven members are present. "[I]nternal procedures, such as quorums and determination of member-ship . . . are religious matters that the court shall not question. . . ." *United Baptist Church v. Holmes*, 232 Ga. App. 253, 254 (500 SE2d 653) (1998). Even if the bylaws had not indicated the requisite number of members that must be present to constitute a quorum, the number of members present at the meeting would also have met the quorum requirements under OCGA § 14-3-722 (a).