A04A1284. SRISOVANA et al. v. CAMBODIAN BUDDHIST
SOCIETY, INC. et al.
(604 SE2d 637)

MILLER, Judge.

This appeal arises from a feud between members of a Buddhist temple. Aggrieved over the firing of a monk, a group of temple members ("the monk's faction") called a meeting at which they ousted the incumbent Board of Directors of the Cambodian Buddhist Society, Inc. ("the Buddhist Society"). The Buddhist Society and one of its members filed a petition for declaratory judgment and a temporary restraining order in DeKalb County Superior Court in an attempt to have the meeting and its results declared invalid. Agreeing with the Buddhist Society, the trial court reinstated the incumbent Board and granted a temporary restraining order against the monk's faction. The monk's faction now argues that the trial court violated constitutional prohibitions on the separation of church and state and erred in voiding the disputed election and issuing the restraining order. We disagree and therefore affirm.

Viewed in the light most favorable to the ruling below, the evidence shows that the Buddhist Society is a nonprofit corporation controlled by its members, all of whom practice the Buddhist faith. The Buddhist Society fired a monk in September 2002 after allegations that he "touched or held the hand" of a woman associated with a member's household. Having received notice from the incumbent Board of a specially set meeting to confirm the firing, the monk and three other members sent out their own notice on April 23 for a special meeting to be held on May 3 (the day before the incumbent Board was to meet). The Buddhist Society's bylaws do not permit a meeting to be called in this way, however, and some members were not properly notified of the meeting. The monk's faction then obtained 90 signatures to call a special meeting. Many of these signatures were duplicates or forgeries, and 37 were from nonmembers, with the result that the monk's faction failed to assemble the one-tenth of the membership required to call a special meeting.

The May 3 meeting went forward nonetheless. It was a disaster by any standard. The temple president and counsel for the incumbent Board objected at the outset that no temple quorum existed. Despite the objection, the monk's faction proceeded to remove the president of the incumbent Board from the microphone by force, and then asserted that its own list of members, rather than the official membership list as required by the temple's bylaws, would govern the meeting. At least 33 nonmembers then cast ballots to help elect the monk's faction as the temple's new Board of Directors. Disputes over property broke out immediately, with the monk's faction seizing and

closing temple bank accounts and the incumbent Board insisting that control of temple property be returned to them.

In the first of what would become many actions concerning the May 3 meeting, the monk's faction filed a petition seeking to have its new Board confirmed. The incumbent Board later filed its own petition seeking declaratory and injunctive relief, including a new court-ordered election. The trial court held that the May 3 election was invalid for lack of proper notice, lack of a properly identified quorum, lack of a presiding officer, and voting by unqualified persons. It also enjoined the monk's faction from holding themselves out as the temple's Board of Directors or interfering with the incumbent Board's authority over temple property and ordered the monk's faction to return any temple funds over which they still had control. One week after the court's ruling, the incumbent Board filed a petition asking that the monk's faction be held in contempt for failing to comply with the court's order. Soon afterward, the monk's faction appealed. The court ordered the monk's faction to post a supersedeas bond for the duration of this appeal. Though the trial court issued what it called an order on a "temporary restraining order," that order imposed what was in substance an interlocutory injunction. Thus we took the case on direct appeal. OCGA § 5-6-34 (a) (4); *Sieg v. Sieg*, 265 Ga. 384 (1) (455 SE2d 830) (1995).

We begin with the well-established principle that "[a] trial court has broad discretion to decide whether to grant or deny a request for an interlocutory injunction." (Citations omitted.) *Outdoor Advertising Assn. of Ga. v. Garden Club of Ga.*, 272 Ga. 146, 147 (1) (527 SE2d 856) (2000). We will not disturb the result reached below unless we find a manifest abuse of discretion, a total lack of evidence to support that ruling, or an erroneous interpretation of the law. See id.; *Covington v. D. L. Pimper Group, Inc.*, 248 Ga. App. 265, 267 (546 SE2d 37) (2001).

1. The monk's faction first contends that the trial court's issuance of a restraining order violates the constitutional principle of the separation of church and state as encoded in the First Amendment of the U. S. Constitution and Art. I, Sec. I, Par. IV of the Georgia Constitution of 1983. This argument is entirely without merit.[1]

---

[1] It is worth noting that the monk's faction never raised this jurisdictional argument at the trial court level. On the contrary, in its brief filed in opposition to the incumbent Board's petition for injunctive relief, the monk's faction asked the trial court to *confirm* the results of the disputed election. As the trial court commented to counsel for the monk's faction at the post-trial supersedeas hearing, "I am a little bit surprised, since you were the first person who brought the lawsuit, [that] you are now saying there ought to be a separation of [church and state] issue [on appeal], which is curious since you brought the first lawsuit." Counsel replied, "That's correct, Judge," and the court continued: "That's a little bit inconsistent, in my opinion."

It is plain that Georgia courts have jurisdiction over disputes involving a nonprofit corporation's board of directors as well as the disposition of church property by that board, as long as we respect the nonprofit corporation's right to determine its own membership roster and bylaws. *Members of Calvary Missionary Baptist Church v. Jackson*, 259 Ga. App. 647-648 (1) (578 SE2d 275) (2003) (jurisdiction over board of directors election dispute); *Kim v. Lim*, 254 Ga. App. 627, 632 (2) (563 SE2d 485) (2002) (jurisdiction over claims regarding disposition of church property); compare *United Baptist Church v. Holmes*, 232 Ga. App. 253, 254 (500 SE2d 653) (1998) (no jurisdiction over termination and expulsion of pastor). In this case, the trial court did not involve itself in the question of who the temple members were, but sought only to abide by the membership list and quorum rules in effect at the time of the disputed meeting. See OCGA §§ 14-3-720; 14-3-722 (requiring that nonprofit corporations maintain membership lists and setting default voting and quorum rules where bylaws are silent); *Calvary Missionary Baptist Church*, supra, 259 Ga. App. at 648 (trial court's determination of whether members of church board of directors were "duly elected" was not intrusion into ecclesiastical matters).

2. In its remaining enumerations, the monk's faction attacks the trial court's temporary restraining order reinstating the incumbent Board as well as its finding that the election was invalid. As we have already pointed out, however, we will not disturb the trial court's holdings both as to fact and as to the proper form of injunctive relief unless the record shows an abuse of discretion, a total absence of fact to support its conclusion, or an erroneous application of the law. *Outdoor Advertising Assn. of Ga.*, supra, 272 Ga. at 147 (1); *Covington*, supra, 248 Ga. App. at 267.

Here, the parties presented voluminous documentary evidence concerning the disputed election ranging from temple bylaws and membership lists to signatures and notarized affidavits of attendance. The evidence reveals that the monk's faction clearly failed to comply with the Buddhist Society's bylaws when it attempted to call a special meeting to oust the incumbent Board. We will not second-guess the trial court's finding on the basis of this or other evidence that the May 3 election was so flawed as to render its results void. See *Reddick v. Jones*, 251 Ga. 195, 196-197 (1) (304 SE2d 389) (1983) (actions taken by church board of directors were void when not authorized by church bylaws). Likewise, we find no abuse of discretion in the trial court's order restraining the monk's faction from further activity as directors and commanding them to return any temple property still under their control. See *Outdoor Advertising Assn. of Ga.*, supra, 272 Ga. at 147 (1).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 15, 2004.

*Antonio L. Thomas*, for appellants.

*Powell, Goldstein, Frazer & Murphy, Jennifer D. Odom*, for appellees.