A05A0933. THAMMAWARO v. THE CAMBODIAN BUDDHIST SOCIETY, INC.
(619 SE2d 365)

ANDREWS, Presiding Judge.

At issue is whether The Cambodian Buddhist Society, Inc. (the Buddhist Society) was entitled to a writ of possession giving it the right to remove Sathian Thammawaro, a Buddhist monk, from property owned and used by the Buddhist Society as a Buddhist temple. Thammawaro does not dispute that the Buddhist Society holds legal title to the property at issue, but claims that the trial court erred by granting the Society a writ of possession to remove him because doing so violated the constitutional principle of separation of church and state as embodied in the U. S. Constitution (First Amendment) and the Georgia Constitution of 1983 (Art. I, Sec. I, Par. IV). For the following reasons, we find no error and affirm.

In *Srisovana v. Cambodian Buddhist Society*, 269 Ga. App. 600 (604 SE2d 637) (2004), we addressed a related dispute between members of the Buddhist Society over control of Society-owned property. In that case, we found that "the Buddhist Society is a nonprofit corporation controlled by its members, all of whom practice the Buddhist faith," and we rejected a claim that the constitutional principle of separation of church and state barred the trial court from exercising jurisdiction over a dispute involving the corporation's board of directors and the board's disposition of Society-owned property. Id. at 601-602. In the present case, the Buddhist Society brought a dispossessory proceeding against Thammawaro and obtained a writ of possession entitling the Society to have Thammawaro removed from its property and authorizing the Society to take possession. Thammawaro claims that, because he is a Buddhist monk, only

---

[7] See *Wright v. State*, 232 Ga. App. 104, 106 (1) (501 SE2d 543) (1998).

the national Cambodian Buddhist religious community can authorize his placement or removal from a Cambodian Buddhist temple and that, by granting a writ of possession authorizing the Buddhist Society to have him removed from its property, the trial court improperly interfered with the internal affairs of a religious organization in violation of the constitutional principle of separation of church and state.

Although the principle of separation of church and state prevents courts from deciding questions involving a church's internal affairs in matters of theology, discipline or governance, courts have jurisdiction to address church property disputes. *Carnes v. Smith*, 236 Ga. 30, 33 (222 SE2d 322) (1976); *Holiness Baptist Assn. v. Barber*, 274 Ga. 357, 358 (552 SE2d 90) (2001); *Howard v. Johnson*, 264 Ga. App. 660, 662 (592 SE2d 93) (2003). If a church has a congregational type of government — one independent of other church associations and not subject to control by a higher church authority — then a majority of the church members controls its decisions and church property. *Crumbley v. Solomon*, 243 Ga. 343-344 (254 SE2d 330) (1979). If a church has a hierarchical type of government — one organized as part of a body of similar churches subject to the authority of a ruling convocation or church head — then courts apply neutral principles of law to determine whether the local church or the higher church authority has the right to control church property. Id. These neutral legal principles include the law applying to relevant corporate charters, deeds, statutes, and the organizational constitutions of the denomination. *Carnes*, 236 Ga. at 37; *Crumbley*, supra.

As we held in *Srisovana*, supra, the Buddhist Society is a nonprofit corporation controlled by its members under its corporate documents. The record shows that the Buddhist Society was deeded legal title to the property at issue, and that the dispossessory proceeding was brought in compliance with the corporation's organizational documents and concerned the Society's right as the property owner to take possession of its property. Thammawaro contends that the Buddhist Society is a hierarchical religious organization to the extent it is subject to the control of a national Cambodian Buddhist religious community with respect to placement and removal of Buddhist monks from its local Cambodian Buddhist temple. Even if this is true (which we need not decide), the record reflects nothing in the Buddhist Society's corporate documents or in any denominational constitution that gives any such national religious organization control over Society-owned property. Moreover, the dispossessory proceeding at issue does not address issues regarding who has authority to place or remove Buddhist monks; rather it expressly asserts the Buddhist Society's right to possession of its real property. Compare *Bolden v. Barton*, 278 Ga. 831, 832 (607 SE2d 889) (2005).

Accordingly, this is not a case involving the right of a religious organization to control its internal affairs free from state interference, but a dispute about control of church property which the trial court had jurisdiction to decide. *Howard*, 264 Ga. App. at 662.

Because all of Thammawaro's claims of error are based on his assertion that the trial court erroneously decided an issue related to the internal affairs of a religious organization, we find they have no merit and affirm the trial court's order granting the Buddhist Society a writ of possession.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED AUGUST 2, 2005.

*Antonio L. Thomas, David A. Webster*, for appellant.
*Powell Goldstein, Jennifer D. Odom, John J. Richard*, for appellee.