A08A0288. SMITH et al. v. MOUNT SALEM MISSIONARY BAPTIST CHURCH et al.
(657 SE2d 642)

ANDREWS, Presiding Judge.

Acting on behalf of the Mount Salem Missionary Baptist Church, the Church's Board of Deacons[1] filed a petition in the Jones County Superior Court seeking to enjoin the pastor of the Church, James L. Smith, and others[2] from exercising control over Church property in violation of Church bylaws. The petition also sought an order requiring that a vote on whether to retain or discharge Smith as pastor be limited to votes by those persons who were admitted to membership in the Church according to the Church bylaws. The court entered an order granting injunctive relief and limiting the vote to persons who obtained membership in the Church pursuant to the bylaws. In accordance with this order, a majority of the Church members voted to discharge Smith as pastor. After Smith refused to abide by the vote and refused to relinquish possession of the Church property, the court entered an order upon motion by the Board of Deacons requiring

---

[1] The Board of Deacons is comprised of Darryl Brown, Melvin Appling, Leonard Huff, Jerrold Pitts, James Carter, Milton Towles, Earnest James, and Lee James.

[2] The petition also named Cynthia King, the secretary of the Church, and "unknown John Does."

Smith to cease and desist from acting as pastor and to relinquish control over the Church property. On appeal, Smith claims: (1) that the court violated the constitutional principle of separation of church and state by deciding that only persons who were Church members pursuant to the existing bylaws were eligible to vote, and (2) that the vote to remove him as pastor was not fair and impartial. For the following reasons, we affirm.

1. The principle of separation of church and state embodied in the First Amendment to the United States Constitution and in the Georgia Constitution of 1983 (Art. I, Sec. I, Par. IV) prevents courts from deciding questions involving a church's internal affairs in matters of theology, church discipline, or church governance. *Carnes v. Smith*, 236 Ga. 30, 33 (222 SE2d 322) (1976); *Holiness Baptist Assn. v. Barber*, 274 Ga. 357, 358 (552 SE2d 90) (2001). This principle, which prevents a court from exercising jurisdiction over an ecclesiastical matter, is not violated when a court is called upon to decide a civil dispute over control of church property. *Bolden v. Barton*, 280 Ga. 702 (632 SE2d 148) (2006). Because the petition in the present case involved a dispute over the control of church property, it presented a civil matter over which the court had jurisdiction. Id.; *Gervin v. Reddick*, 246 Ga. 56 (268 SE2d 657) (1980).

Smith does not dispute that existing Church bylaws set forth the manner in which a person becomes a member of the Church; he does not dispute that the Board of Deacons had standing to bring the petition on behalf of a majority of such Church members; and he does not dispute that the Church was congregational in nature with authority residing in the Church members by majority vote to retain or discharge him as pastor of the Church. Smith's argument is that the existing Church bylaws for admitting a person into Church membership are too restrictive and do not take into account the Church tradition that persons are also accepted as new Church members when they are given "the right hand of fellowship" by existing members. Accordingly, Smith argued that the court's order limiting the vote only to persons who obtained membership in the Church pursuant to the Church bylaws improperly decided an ecclesiastical matter and improperly excluded votes by persons who became members of the Church by being given "the right hand of fellowship." Smith offered no evidence in the superior court to support his argument that persons obtained membership in the Church by means other than the procedure set forth in the Church bylaws.

On this record, we find that the trial court did not involve itself in ecclesiastical matters when it ordered that persons eligible to participate in the majority vote on whether to retain or discharge Smith as pastor were limited to those who obtained membership in the Church pursuant to the Church bylaws. This was not an order

deciding the criteria for Church membership or controlling a matter of Church governance, but merely an order requiring that the Church bylaws setting forth the procedure for obtaining membership be followed. *Waverly Hall Baptist Church v. Branham*, 276 Ga. App. 818, 825-826 (625 SE2d 23) (2005); *Srisovana v. Cambodian Buddhist Society*, 269 Ga. App. 600, 602 (604 SE2d 637) (2004); *Bolden*, 280 Ga. at 704.

2. Contrary to Smith's argument, there is no evidence in the record that the vote to discharge him as pastor was not fair and impartial, or that it failed to reflect a vote by the majority of the Church members.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED FEBRUARY 12, 2008.

*Antavius M. Weems*, for appellants.
*Joseph H. Briley*, for appellees.