43175. ROBERT CHUCKROW CONSTRUCTION COMPANY v. GOUGH.

ARGUED NOVEMBER 9, 1967—DECIDED JANUARY 5, 1968—
REHEARING DENIED JANUARY 30, 1968.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Ralph H. Witt,* for appellant.

*Neely, Freeman & Hawkins, Paul M. Hawkins, Thomas H. Harper, Jr.,* for appellee.

QUILLIAN, Judge. █ The appellee moves to dismiss the appeal on the ground that the notice of appeal is taken from a judgment entered on August 2, 1967, and that the record discloses there was no judgment rendered on that date; that the only ruling of the trial court made on August 2, 1967, was an order overruling the appellant's motion for a judgment notwithstanding the verdict. This court has held that such a ruling is a judgment from which a direct appeal will lie. *Shetzen v. C. G. Aycock Realty Co.,* 93 Ga. App. 477, 479 (92 SE2d 114)

contains the pronouncement: "The ruling on the motion for a judgment notwithstanding the verdict was not a final judgment but was a judgment from which a direct bill of exceptions will lie because it was one which would have been final if the ruling had been as contended for by the plaintiff in error. *Code* § 6-701." See *Allen v. Bobo*, 215 Ga. 707 (113 SE2d 138).

That the judgment overruling the motion in the present case recites that it is an order is of no legal consequence. The effect of a judicial act and not the judge's characterization of it determines its nature as "a judgment" as distinguished from "an order of the court." The motion to dismiss is without merit.

■ Where in a suit upon a contract the evidence submitted on behalf of the parties affirmatively reveals the plaintiff is not entitled to recover, the defendant's motion for a judgment notwithstanding the verdict is the appropriate remedy to set the verdict aside.

The question on which the decision of the present case turns is whether the evidence adduced upon the trial showed the parol contract sued upon to be an enforceable agreement. Assent of the parties to the terms of the contract and a consideration for the performance of the same are essential requisites to its validity. Where either of these elements is lacking the contract is not binding or enforceable. *Code* § 20-107.

The plaintiff, under the terms of the parol agreement, assumed no obligation or duty that he was not bound to perform under the written contract he had previously entered into with the defendant. Under both the written contract and the oral agreement the defendant assumed the obligation to erect and properly place the same number of trusses to support the decking for the roof of the building.

The Supreme Court held in *Johnson v. Hinson*, 188 Ga. 639, 644 (4 SE2d 561): "An agreement on the part of one to do what he is already legally bound to do is not a sufficient consideration for the promise of another." A similar pronouncement of the principle is found in *Willingham Sash &c. Co. v. Drew*, 117 Ga. 850 (1, 2) (45 SE 237): "Where one undertakes to perform for another service or labor for a given sum any amount paid in excess of that sum, not based upon a new consideration, is a

mere gratuity. . . A employed B to build a house for the sum of $1,400. A paid the $1,400 before the completion of the house; and it becoming apparent that B would be unable to comply with the contract without suffering loss, B was told by A to estimate what sum would be necessary to complete the building, and upon being informed that $350 would be required, B was told to complete the building and this amount would be paid in addition. Under this latter arrangement B was to do only what was contemplated by the original contract. After the $1,400 had been paid and before the payment of the $350, A was served with a summons of garnishment in a suit against B, and judgment was rendered in favor of the garnishee. *Held:* (1) That the agreement to pay the additional sum of $350 was a nudum pactum. (2) That at the time of the service of the summons of garnishment the relation of debtor and creditor did not exist between A and B."

It should be noted that the cause of the trusses' falling was unexplained and there was no evidence that their collapse was due to defendant's fault or any deficiency in the specifications as to how the trusses were to be erected.

The evidence having demanded a finding that there was no consideration for the parol agreement, the trial judge erred in overruling the motion for judgment notwithstanding the verdict.

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*