A91A0507. ALLMAN v. HOPE.
(407 SE2d 107)

BANKE, Presiding Judge.

Appellee Hope brought suit against appellant Allman seeking to recover the balance due on the price of 11 quarter horses he had sold to Allman. Allman denied liability based on failure of consideration and also counterclaimed based on allegations that Hope had failed to perform certain obligations under the contract. The case was tried before a jury which returned a verdict in favor of Hope for $50,000,

plus interest and attorney fees. This appeal followed.

In November of 1985, the parties entered into a written agreement whereby Allman was to purchase the horses from Hope for $225,000, payable in seven installments over a period of approximately four years. The agreement specified that "all right, title and interest" in ten of the horses was to be delivered to Allman upon the making of the second payment, but that Hope would continue to retain a security interest in the remaining horse, named "Doc Notice." Allman timely made the first five payments due under the contract but defaulted on the last two payments, totaling $100,000. He alleged in his counterclaim that Hope had failed to comply with his obligation under the agreement to provide an equine sale contract for Doc Notice "showing that buyers have the right to breed, show, promote, exhibit, and use the horse . . .," and that Hope had further breached the contract by failing and refusing to execute breeders' certificates for horses bred to Doc Notice. *Held*:

1. Allman contends that the trial court erred in denying his alternative motions for directed verdict, dismissal, or judgment notwithstanding the verdict on the ground that Hope was not the proper party to pursue the claim. It was established without dispute at trial that Hope had assigned his interest in the contract to the Sun Bank of Ocala, Florida, which in turn had assigned it to a second Florida bank.

OCGA § 9-11-17 (a) requires that "[e]very action shall be prosecuted in the name of the real party in interest." However, this Code section further specifies that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." Id. "Under OCGA § 9-11-17 [a], 'a real-party-in-interest objection . . . may be made at any time up to and including a trial on the merits. (Cits.) Such an objection is a matter in abatement and does not go to the merits of the action. (Cit.)' [Cit.]" *Warshaw Properties v. Lackey*, 170 Ga. App. 101 (316 SE2d 482) (1984). See also *Amica Mut. Ins. Co. v. Fleet Multi Fuel Corp.*, 178 Ga. App. 859, 861 (344 SE2d 742) (1986).

This court has held that "where it appears from the contract itself that the original seller . . . assigned all its rights, title and interest in said contract to an assignee . . ., the assignee is the real party in interest." *Rigdon v. Walker Sales &c.*, 161 Ga. App. 459, 462 (288 SE2d 711) (1982). Accord *Employers' Liability Assur. Corp. v. Keelin*, 132 Ga. App. 459 (2) (208 SE2d 328) (1974). Based on the foregoing authorities, we accordingly conclude that the trial court erred in

allowing the present action to proceed over the appellant's real-party-in-interest objection. The judgment of the trial court is therefore vacated with direction that a reasonable opportunity be provided for correction of this defect in accordance with OCGA § 9-11-17 (a). In the event the defect is not corrected within the time provided therefor, the action shall be dismissed without prejudice. See generally *Turner &c. Advertising v. Old South Corp.*, 185 Ga. App. 582 (1) (365 SE2d 149) (1988); *S. D. H. Co. v. Stewart*, 135 Ga. App. 505 (2) (218 SE2d 268) (1975).

2. Because of the foregoing holding, we do not reach the appellant's remaining enumeration of error, which addresses itself to the merits of the action.

*Judgment vacated and case remanded with direction. Carley and Beasley, JJ., concur.*

DECIDED JUNE 24, 1991.

*Peterson, Dillard, Young, Self & Asselin, Richard W. Wilson, Jr., Joel L. Larkin, J. Stuart Teague, Jr.*, for appellant.
*Fred W. Minter*, for appellee.