A93A1972. SAWGRASS BUILDERS, INC. v. KEY et al.

(441 SE2d 99)

SMITH, Judge.

Appellees Ralph B. Key and Plantation Builders, Inc. brought suit against appellant Sawgrass Builders, Inc. (Sawgrass), alleging that appellant breached an agreement with appellees involving the purchase and residential development of certain real estate. The trial court granted appellees' motion for summary judgment, and Sawgrass appeals.

1. In its answer, Sawgrass asserted, among other things, that appellees lacked standing to bring the present action because the contract sued upon had been assigned by appellees to a third party, C & S Real Estate Services, Inc. OCGA § 9-11-17 (a) provides, in pertinent part, that "[e]very action shall be prosecuted in the name of the real party in interest." Appellees do not dispute that Sawgrass asserted such a defense. Instead, they argue that defense was met by the affidavit of Ralph Key. We have searched the entire record, including the Key affidavit, in vain for any evidence or bare assertion inconsistent with Sawgrass's real-party-in-interest defense. The record as a whole reveals that Sawgrass and the appellees were the original contracting parties, nothing more. The question raised by appellant's pleading, and subsequently on appeal, is whether appellees *currently* have the right they seek to enforce despite an alleged assignment of the underlying contract to C & S Real Estate Services prior to the commencement of this action. See generally *Allman v. Hope*, 200 Ga. App. 137 (407 SE2d 107) (1991); *Rigdon v. Walker Sales &c.*, 161 Ga. App. 459, 462 (2f) (288 SE2d 711) (1982).

Summary judgment is appropriate only when the evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). "On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden." *Ham v. Ham*, 230 Ga. 43, 45 (195 SE2d 429) (1973).

Appellees have failed to present any evidence establishing their status as the current holders of an interest in the contract at issue, despite Sawgrass's allegation that the contract between them has since been assigned by appellees to a third party. Since Sawgrass's objection that appellees are not the real parties in interest has yet to

be addressed, the trial court erred in granting appellees' motion for summary judgment. See *Allman v. Hope*, supra.

2. Because of our holding in Division 1, we do not reach appellant's remaining enumerations.

*Judgment reversed. Beasley, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 18, 1994.

*Andersen, Davidson & Tate, Thomas T. Tate, William M. Ray II*, for appellant.

*McCullough & Payne, Michael D. Payne*, for appellees.