## S01A1175. HOLINESS BAPTIST ASSOCIATION, INC. v. BARBER et al.

(552 SE2d 90)

HINES, Justice.

This is an appeal from the dismissal of an action in ejectment involving a dispute about church property. For the reasons which follow, we reverse the dismissal as the trial court erroneously determined that resolution of the dispute is an ecclesiastical matter.

Holiness Baptist Association, Inc. ("Association"), a corporation consisting of approximately 25 member churches, filed an action in ejectment against Barber and other members of the Board of Deacons of Vickers Holiness Baptist Church ("Church") seeking to oust the Church from real property it occupied and to have a judgment declaring that the Association was entitled to the exclusive use, possession, and control of the property.[1] The Association alleged that the Church had been a member of the Association for over 30 years, and therefore, was subject to the Association's bylaws, articles of faith, and disciplinary rules, which provided in pertinent part: "The Association shall hold all church property, regardless if all members vote to change the church to some other faith." The complaint also alleged that the deed to the Church property established a trust for the benefit of the Association and was "an implied trust by the Association's discipline." The Association maintained that certain actions by the Church[2] evidenced an intent and desire to withdraw from membership in the Association, and that inasmuch as the real property used and occupied by the Church is the property of the Association, the Church should be ejected. The Church countered that it remained a member of the Association and that the Association did not have the right to control the Church property. Both sides moved for judgment as a matter of law.[3] The trial court dismissed the action after concluding that resolution of the dispute would require that it decide the Church's membership in the Association, a matter which the Association had an internal method for determining, and therefore, an eccle-

---

[1] The Association also asked that the Church be temporarily and permanently enjoined and restrained from the use, possession, and control of the real property; that a writ of possession issue granting the Association the use and possession of the real property; that the Association recover reasonable attorney fees and expenses of litigation; and that the Association have such other relief as the court deemed equitable and just.

[2] The Association asserted that the Church had failed to make the required monetary contributions to the Association and to send delegates to two annual meetings; that the Church had voted to "come out of" the Association; and that within the last two or three years, the Church had voted to change its name.

[3] Both the Church and the Association moved for judgment on the pleadings and then for summary judgment; the Church also moved to dismiss the action on the ground that it was unauthorized by the Association, and accordingly, should be dismissed as lacking a proper party plaintiff.

siastical issue.[4]

It is beyond cavil that the constitutional guarantee of freedom of religion includes the authority of religious bodies to make their own decisions, free from state interference, in matters of church government, faith and doctrine. *Anderson v. Dowd*, 268 Ga. 146, 147 (1) (485 SE2d 764) (1997); *First Born Church of the Living God v. Hill*, 267 Ga. 633, 634 (1) (481 SE2d 221) (1997). "Thus, civil courts have no jurisdiction to inquire into and to control the acts of the governing authority of a religious organization undertaken with reference to its internal affairs." *Anderson v. Dowd* at 147 (1). But that is not what the trial court was required to do here.

The trial court focused on the question of the Church's continuing membership in the Association and whether such question was a matter for internal resolution. However, the pivotal issue is not present Church membership, but rather who has control over the real property used by the Church, i.e., the Association or the Church itself. And that issue has already been decided adversely to the Church and in favor of the Association in this Court's earlier decision in *Crumbley v. Solomon*, 243 Ga. 343 (254 SE2d 330) (1979).

In *Crumbley v. Solomon*, the church Franklin Tabernacle, by a majority vote of its members, attempted to withdraw from the Association, and the opposing members of the church and trustees of the Association filed suit against the withdrawing members to establish the Association's right to control local church property. Id. The trial court found that control of the church property was with a majority of the local congregation and directed a verdict in favor of the withdrawing members. Id. However, this Court reversed the direction of the verdict and remanded the case for further consideration. The Court did so after determining that the Association was hierarchical; that consequently, the Court must look to the requirements of the church discipline to avoid offending the prohibitions of the First Amendment; and that the discipline of the Association implies a trust of the real property in favor of the Association as the "parent church." Id. at 345-346. Therefore, the Association controlled the local property. Id. at 346. This decision did not rest on the question of membership, that is, the fact that Franklin Tabernacle had attempted to withdraw from the Association; it was based, instead, on "neutral principles of law" which included consideration of the organizational constitution of the denomination. Id. at 344. Compare *McDonnell v. Episcopal Diocese of Ga.,* 191 Ga. App. 174 (381 SE2d 126) (1997).

---

[4] The court did not base its ruling on the ground urged in the Church's motion to dismiss. See footnote 3, supra.

In this case, it is undisputed that the Association remains a hierarchy,[5] that the Church has been a member of the Association for over 30 years,[6] and that the Church is subject to the Association's discipline. Such discipline unquestionably provides that the Association "shall hold all church property," thereby implying a trust for the benefit of the Association.[7] *Crumbley v. Solomon* at 345; see OCGA §§ 14-5-46; 14-5-47. And this is irrespective of the Church's continuing membership in the Association. Thus, the trial court erred in dismissing the Association's complaint on the basis that the Church's membership in the Association was a matter outside its authority, and in failing to find, as a matter of law, that the Association is in control of the Church property.[8] Accordingly, the judgment of the trial court is reversed and the case is remanded for consideration consistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED SEPTEMBER 17, 2001 —
RECONSIDERATION DENIED OCTOBER 9, 2001.

*Mills & Chasteen, Ben B. Mills, Jr.,* for appellant.
*Walters, Davis & Pujadas, Thomas E. Pujadas,* for appellees.

---

[5] The hierarchical nature of the Association is not contested by the Church and the appellate record is undeveloped in this regard.

[6] In fact, the Church staunchly argues in this appeal that it remains a member of the Association.

[7] In this case, the Church property was deeded in 1949 to named individuals as "Deacons of Vickers Holiness Baptist Church and their successors in office. . . ." See *Crumbley v. Solomon* at 346.

[8] This Court makes no determination as to whether the Association is entitled to any or all of the relief requested.