A03A0364. TOWN & COUNTRY DODGE, INC. v. WORLD OMNI FINANCIAL CORPORATION.
(583 SE2d 182)

BARNES, Judge.

Town & Country Dodge, Inc. appeals the grant of summary judgment to World Omni Financial Corporation in World Omni's suit against Town & Country for breach of a Lease Dealer Agreement between the parties. The agreement established the terms under which lease agreements would be purchased and assignments of lease agreements would be accepted. Town & Country is an automobile dealership in the business of selling or leasing automobiles, and World Omni is in the business of financing automobile leasing for Town & Country and other automobile dealers. After a person to whom Town & Country allegedly leased a truck denied that she had leased it, World Omni, who had been assigned the lease, repossessed the truck and sued Town & Country to recover the deficiency remaining on the contract. Town & Country filed an answer denying liability and raising a real party in interest defense, and asserting a counterclaim against World Omni. After discovery, the trial court granted World Omni's motion for summary judgment.

The record shows that Steve P. Erwin traded in one pickup truck and leased another pickup from Town & Country. The lease was allegedly in the name of Bonnie L. Erwin, Steve Erwin's mother. The lease was then assigned to World Omni. World Omni further assigned the lease to VT, Inc. One payment on the lease was made on the date of the transaction and another payment was timely, but the next payment was late. In an effort to secure payments on the lease, World Omni contacted Bonnie Erwin, who informed World Omni that she had not signed the lease and knew nothing about it.

World Omni learned that Steve Erwin had forged his mother's name to the lease. Bonnie Erwin reported her son's misconduct to the police, and he pled guilty to forgery and was sentenced to five years in prison with one year to serve which was reduced to time served. World Omni repossessed the truck, sold it at auction, and then

brought the underlying action to recover the deficiency from Town & Country.

On appeal, Town & Country contends the trial court erred by finding that World Omni is the real party in interest, by finding that the indemnification provisions in the agreement between Town & Country and World Omni superseded the risk of loss provision in the agreement, by not finding an ambiguity in the agreement, by not finding that a question of fact existed on whether a lease contract was ratified, and by granting summary judgment to World Omni. Because we find that World Omni is not the real party in interest in this appeal, we must vacate the grant of summary judgment and remand the case to the trial court for further proceedings.

1. We must first address Town & Country's assertion that World Omni is not the real party in interest to bring this action because another party, VT, Inc., was assigned the lease of the pickup. Summary judgment is not the proper vehicle to decide a real party in interest objection. *Dept. of Human Resources v. Holland*, 263 Ga. 885, 887 (2) (440 SE2d 9) (1994).

Under OCGA § 9-11-17 (a), "[e]very action shall be prosecuted in the name of the real party in interest." The purpose of this rule is to protect a defendant against another action brought by the party actually entitled to recover. *Rigdon v. Walker Sales & Svc.*, 161 Ga. App. 459, 461-462 (2) (f) (288 SE2d 711) (1982). In the case of an assignment of the rights under a contract, the assignee is usually the real party in interest. Id. Further, it is a principle of our law that an assignee of a contract acquires its rights from the assignor, has no more rights under the contract than the assignor, and is subject to all the defenses that could have been raised against the assignor. *Pridgen v. Auto-Owners Ins. Co.*, 204 Ga. App. 322, 323 (419 SE2d 99) (1992).

Town & Country contends the real party in interest in this instance is VT, Inc., as trustee of World Omni LT, the party to which the lease contract in question was assigned, and asserts that World Omni's complaint shows that the lease in question was assigned to "a trust and its trustee for financing purposes, which trust owned these leases and the related vehicles to hold for World Omni's benefit." The complaint also alleges that "World Omni administered such lease agreements so assigned and acted as agent for the trust and trustee for servicing, collection and enforcement."

World Omni relies upon Paragraph 14 of the Lease Dealer Agreement which provided that

[a]ny assignee or collateral assignee of a Contract or Vehicle shall be, as to such Contract or Vehicle, a third party beneficiary of the terms of this Agreement and shall be entitled to

enforce all rights, covenants and warranties granted or made by Dealer [(Town & Country)]. WOFC [(World Omni)] or any such assignee shall be entitled to directly enforce all rights, covenants and warranties granted or made by Dealer to WOFC.

We disagree with World Omni's interpretation of this provision. Although the provision grants World Omni the authority to act on behalf of VT, Inc. to enforce the assignee's rights under the agreement, it does not state that World Omni was the real party in interest in this case because it gives both World Omni and the assignee, VT, Inc., the authority to enforce the agreement. Therefore, Town & Country is not protected from the possibility of an action being brought against it by VT, Inc., as the actual assignee of the lease.

The record shows that World Omni assigned the lease to VT, Inc., that VT, Inc. owned the lease, that World Omni acted as the agent of VT, Inc. "for servicing, collection and enforcement," and that VT, Inc. "purchased and accepted assignment of the lease from [Town & Country]." Thus, VT, Inc., and not World Omni, was the assignee of the lease.

Consequently, we

conclude that the trial court erred in allowing the present action to proceed over [Town & Country's] real-party-in-interest objection. The judgment of the trial court is therefore vacated with direction that a reasonable opportunity be provided for correction of this defect in accordance with OCGA § 9-11-17 (a). In the event the defect is not corrected within the time provided therefor, the action shall be dismissed without prejudice.

*Allman v. Hope*, 200 Ga. App. 137, 138-139 (1) (407 SE2d 107) (1991).

2. Because of our holding in Division 1, we do not reach Town & Country's remaining enumerations of error, which address the merits of the action.

*Judgment vacated and case remanded. Andrews, P. J., and Adams, J., concur.*

DECIDED JUNE 5, 2003.

*Moulton & Massey, John W. Moulton*, for appellant.
*Frederick J. Hanna & Associates, Frederick J. Hanna, Elizabeth C. Whealler*, for appellee.