A04A2002. SMITH v. 6595 RR CORPORATION.
(605 SE2d 58)

ELDRIDGE, Judge.

Plaintiff-appellee 6595 RR Corporation ("6595") brought the underlying action seeking judgment against defendant-appellant Gregory G. Smith d/b/a Sports Express ("Sports Express") for unpaid rents under a written lease agreement, as amended, as to Sports Express' place of business, located at the Abernathy Square Shopping Center ("shopping center") in Atlanta. Sports Express timely answered, among other things, asserting that 6595 lacked standing to bring its action for want of status as a real party in interest, 6595 having sold the shopping center six months before filing its lawsuit, assigning the amended lease to nonparty Inland Southeast Abernathy, LLC ("Inland Southeast") as part of the transaction. The Fulton County State Court thereafter granted 6595 partial summary judgment as to Smith's liability in the case. Smith appeals, contending that summary judgment for 6595 was error, Inland Southeast as the real party in interest. A real party in interest objection as a matter in abatement not properly remedied by summary judgment, we vacate the judgment of the state court and remand for further proceedings not inconsistent with this opinion.

Smith originally leased the premises in issue from the Metropolitan Life Insurance Company on January 24, 1990. Smith and Metropolitan Life amended the lease twice thereafter, the net effect of which was to extend the term of the lease through October 31, 1999. 6595, as successor in interest to Metropolitan Life, and Smith amended the lease a third time on February 3, 1999, extending the term of the lease once more to October 31, 2004. On or about December 31, 2001, 6595 sold the shopping center to Inland Southeast, effecting an apparent assignment of the leases it owned on shopping center rental properties, inclusive of the three-times amended Smith lease, to Inland Southeast in conjunction with the sale. 6595 filed the underlying action nearly six months later. *Held*:

Because "summary judgment contemplates a judgment on the merits and cannot be used as a matter in abatement[,]" it is improper as a remedy upon a real party in interest objection. *Dept. of Human Resources v. Holland*, 263 Ga. 885, 887 (2) (440 SE2d 9) (1994); *Town & Country Dodge v. World Omni Financial Corp.*, 261 Ga. App. 503, 504 (1) (583 SE2d 182) (2003). OCGA § 9-11-17 (a) requires that

"[e]very action shall be prosecuted in the name of the real party in interest[,]" this to foreclose vulnerability in the "defendant against another action brought by the party actually entitled to recover." *Town & Country Dodge v. World Omni Financial Corp.*, supra. OCGA § 9-11-17 (a) further provides, however, that

> [n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest.

And as a matter in abatement not going to the merits, a real party in interest objection may be made at any time up to and including a trial on the merits. *Allman v. Hope*, 200 Ga. App. 137, 138 (1) (407 SE2d 107) (1991). Moreover, where it appears that rights have been assigned under a contract, as here, the assignee is the real party in interest. Id., citing *Rigdon v. Walker Sales & Svc.*, 161 Ga. App. 459, 461-462 (2) (f) (288 SE2d 711) (1982).

The record shows that 6595 sold the shopping center and assigned the lease in issue, as amended, to Inland Southeast before it filed its action for rents due against Smith. No reservation of interest as to such assignment of record, 6595 does not appear to be the real party in interest in this matter, this foreclosing standing in 6595 to bring its action on the lease. Summary judgment as procedural error upon a real party in interest objection, we must vacate the grant of partial summary judgment and remand the case for further proceedings.

*Judgment vacated and case remanded. Ruffin, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 16, 2004.

*Cohen, Goldstein, Port & Gottlieb, Neil A. Moskowitz*, for appellant.

*Wiles & Wiles, Jason C. Baker, Noel J. Cotney, Jr.*, for appellee.