S06A0156. BOLDEN et al. v. BARTON et al.
(632 SE2d 148)

HINES, Justice.

Reverend Willie Bolden and others ("Bolden") appeal from the trial court's grant of an injunction ordering that an election be held among the members of Bethlehem Missionary Baptist Church ("Church") to determine which persons will control the property of the Church. For the reasons that follow, we affirm.

This is the second appearance of this case before this Court. See *Bolden v. Barton,* 278 Ga. 831 (607 SE2d 889) (2005) (*"Bolden I"*). Deacon Robert Barton and others ("Barton") filed suit seeking certain declaratory and injunctive relief against Bolden. Relief was granted in the form of an injunction ordering that the Church members hold an election to determine whether Reverend Bolden would be removed as pastor of the Church, and Bolden appealed. This Court reversed, finding that no basis for trial court subject matter jurisdiction appeared in the record. Upon return of the remittitur to the trial court, Barton filed an amended complaint. Subsequently, the trial court found that this amended complaint, and evidence submitted, established subject matter jurisdiction, and that injunctive relief was warranted, and ordered that the membership of the Church hold an election to determine who would control Church property.

As noted in our earlier opinion, the Church is unincorporated, without bylaws or a constitution. *Bolden I,* supra. It is undisputed that governance of the Church is congregational in form and that property questions are ultimately controlled by a majority of the Church's members. See *Crumbley v. Solomon,* 243 Ga. 343 (254 SE2d 330) (1979).

1. In this Court's earlier opinion, it was specifically noted that upon return of the remittitur, the plaintiffs "will not be foreclosed from filing an amendment to their complaint" that might relate back to the time of the filing of the original complaint, and might satisfy the jurisdictional infirmity. *Bolden I,* supra at 833. Bolden contends that the amended complaint did not, in fact, relate back to the date the

original complaint was filed because there was no showing that a dispute regarding property rights existed at the time of the original complaint, and that without such a property dispute, the superior court did not have subject matter jurisdiction. See id. at 832-833. He notes that his letter to Barton relieving him of his duties as deacon was received on March 17, 2004, the original complaint was filed on March 24, 2004, and on March 28, 2004, Bolden sent a letter to Barton, demanding that he turn over certain items of church property, which Bolden contends marks the start of any property dispute.

Essential to this argument is a finding that there was no dispute as to the control of Church property until Bolden's letter of March 28, 2004 demanding certain property. However, the amended complaint itself alleges that there is a current dispute over which persons have the right to control Church property. See *Holiness Baptist Assn. v. Barber*, 274 Ga. 357 (552 SE2d 90) (2001); *Howard v. Johnson*, 264 Ga. App. 660 (592 SE2d 93) (2003). The amended complaint also alleges that this dispute has "been ongoing for a period of more than eighteen (18) months"; the original complaint was filed thirteen months before the amended complaint, and thus the dispute was alleged to pre-date the filing of the original complaint. Further, Barton's affidavit accompanying the amended complaint recites that problems concerning possession and control of church property were extant one year prior to the filing of the original complaint. Although Bolden contends the complaint allegations and accompanying affidavit were belied by Barton's hearing testimony, that is not so. Although his testimony is not always clear as to the time certain property disputes arose, it does show that, at least, disputes regarding church funds and computer equipment pre-dated the original complaint. Thus, the record shows that the amended complaint relates to issues extant at the time of the first complaint, and the amended complaint did relate back to the time of the filing of the original complaint. See *Tyson v. McPhail Properties*, 223 Ga. App. 683, 684-685 (1) (478 SE2d 467) (1996).

> 2. It is beyond cavil that the constitutional guarantee of freedom of religion includes the authority of religious bodies to make their own decisions, free from state interference, in matters of church government, faith and doctrine. [Cits.] "Thus, civil courts have no jurisdiction to inquire into and to control the acts of the governing authority of a religious organization undertaken with reference to its internal affairs." [Cit.]

*Holiness Baptist Assn.*, supra at 358. But it is also the case that "[i]t is well-settled that a court of equity will take jurisdiction over

disputes involving churches when property rights are involved and when the suit is brought on behalf of a majority of the congregation. [Cit.]" *Gervin v. Reddick*, 246 Ga. 56, 57 (2) (268 SE2d 657) (1980). These principles were the basis of this Court's prior reversal of the trial court in this case; the original complaint did not show a property dispute, and hence did not show jurisdiction in a civil court, but revealed only a dispute regarding the internal affairs of the Church. *Bolden I*, supra.

Bolden now contends that the relief granted by the trial court is beyond that court's subject matter jurisdiction because the trial court decided which specific persons qualified as members of the Church, and placed those names on a list of those who would be eligible to vote in the church election. But, that is not so. The style of the complaint stated that it was brought "on Behalf of The Membership of the Bethlehem Missionary Baptist Church." The trial court had jurisdiction to determine whether Barton had standing to bring such an action. *Anderson v. Dowd*, 268 Ga. 146, 147 (1) (485 SE2d 764) (1997). The court also had jurisdiction to determine which faction of members represented the majority of the Church membership regarding property issues. See *Gervin*, supra at 59 (5). And, the election ordered by the court was properly limited to resolving that question.[1] *Howard*, supra. The fact that an election in the Church necessitated that the court recognize that certain persons were members of the Church, and thus eligible to vote, does not mean that the trial court interfered in matters of Church doctrine or religious organization; to hold otherwise would effectively remove from the civil courts any involvement in rights to property held by a congregational church, and that is not the law. See *Gervin*, supra.

Further, Bolden does not even suggest that there is an actual dispute over who is or is not a Church member; he makes no allegation that someone on the membership list should not be, nor that someone who is not on the list should be. Nothing in the record shows that the court resolved any dispute over membership, but rather that the court created the list using procedures and membership criteria to which the parties agreed. There is no suggestion that these procedures violate anything in the controlling practice of the Church as to its voting methods, and no indication that the court

---

[1] The court's order stated, in pertinent part:

The issue for resolution on the printed ballot provided for herein shall be stated as: "Control over the property of the church shall continue in the Deacons (as personified by the Plaintiff, Robert W. Barton) ____, or the Trustees (as personified by Ms. Janice Jones)" ____. Insert an (X) in the space next to the entity which you consider appropriate to have continued control of the church property.

overstepped its role in memorializing a list of the Church membership in aid of conducting the required election.

*Judgment affirmed. All the Justices concur, except Benham, J., not participating.*

SEARS, Chief Justice, concurring.

The majority opinion correctly holds that " '(i)t is well-settled that a court of equity will take jurisdiction over disputes involving churches when property rights are involved and when the suit is brought on behalf of a majority of the congregation.' "[2] As the majority also properly notes, in order to exercise that jurisdiction, it was necessary for the trial court in this case to determine who qualified as a member of the church, and was thus eligible to vote on the property dispute at issue. I write separately, however, to emphasize the extremely limited nature of the courts' authority to delve into matters of church membership.

As the United States Supreme Court stated in *Presbyterian Church in the U. S. v. Mary Elizabeth Blue Hull Memorial Presbyterian Church*, "First Amendment values are plainly jeopardized when church property litigation is made to turn on the resolution by civil courts of controversies over religious doctrine and practice."[3] Generally, issues of church membership involve matters of religious doctrine and practice that are beyond the jurisdiction of the civil courts.[4] Thus, while it is proper for courts to determine church membership for the limited purpose of determining eligibility to vote on a litigated property dispute, it is plainly improper for courts to resolve disputes over church membership in general.

DECIDED JULY 6, 2006.

*Theodore G. Frankel*, for appellants.

*Brinson, Askew, Berry, Seigler & Richardson, C. King Askew, Mark M. J. Webb*, for appellees.

---

[2] Majority opinion, pp. 703-704.

[3] 393 U. S. 440, 449 (89 SC 601, 21 LE2d 658) (1969).

[4] See, e.g., *United Baptist Church v. Holmes*, 232 Ga. App. 253 (500 SE2d 653) (1998) (courts will not decide issues regarding expulsion of church member).