S07A1441. FIRST CHRIST HOLINESS CHURCH, INC. et al. v.
OWENS TEMPLE FIRST CHRIST HOLINESS CHURCH, INC.
(655 SE2d 605)

SEARS, Chief Justice.

This appeal involves a dispute over the ownership of church property in Chatham County. Plaintiffs filed suit in their own names and in the name of First Christ Holiness Church, Inc. ("First Christ") against Owens Temple First Christ Holiness Church, Inc. ("Owens Temple") to quiet title to the property and for an accounting. First Christ alleged that both it and Owens Temple had been in possession of the property for decades and that the faction of the congregation that had aligned itself with First Christ was the rightful owner. In its answer, Owens Temple claimed First Christ lacked the authority to file the complaint because it did not have the approval of a majority of the congregation. Owens Temple also counterclaimed to quiet title in its own name.

Owens Temple filed a motion to dismiss the complaint or, in the alternative, for summary judgment. In support, Owens Temple submitted an affidavit by the secretary of the congregation. She explained that First Christ was an umbrella organization composed of the members of Owens Temple and the members of several small affiliated churches; that she maintained the business and membership records for both the umbrella organization and Owens Temple; and that the members of Owens Temple constituted a majority of the members of First Christ. Owens Temple also filed an affidavit from one of the pastors stating that none of the congregation's members were aware of any meeting by the umbrella organization to decide corporate issues such as whether to authorize the filing of the complaint by plaintiffs.

The plaintiffs failed to respond to Owens Temple's motion, and the trial court granted it. The trial court recited the following holding from this Court's decision in *Gervin v. Reddick*:

It is well-settled that a court of equity will take jurisdiction over disputes involving churches when property rights are involved and when suit is brought on behalf of a majority of the congregation.[1]

---

[1] *Gervin v. Reddick*, 246 Ga. 56, 57 (2) (268 SE2d 657) (1980). See *Bolden v. Barton*, 280 Ga. 702, 703-704 (2) (632 SE2d 148) (2006) ("It is beyond cavil that the constitutional guarantee of freedom of religion includes the authority of religious bodies to make their own decisions, free from state interference, in matters of church government, faith and doctrine. Thus, civil courts have no jurisdiction to inquire into and to control the acts of the governing authority of a religious organization undertaken with reference to its internal affairs. But it is also the case that it is well-settled that a court of equity will take jurisdiction over disputes involving

The trial court then noted the evidence submitted by Owens Temple showing that the plaintiffs did not constitute a majority of the umbrella organization and did not have authorization from the majority to file the complaint. The trial court also pointed out the absence of any evidence from the plaintiffs contradicting the affidavits and other evidence filed by Owens Temple. The trial court held that it lacked subject matter jurisdiction over the plaintiffs' claims because the plaintiffs lacked the capacity or authority to file the complaint. Accordingly, the trial court granted Owens Temple's motion, dismissed the plaintiffs' claims, and ordered that Owens Temple's counterclaim would remain pending. The plaintiffs appealed.

This Court has a solemn duty to inquire into its jurisdiction to entertain an appeal whenever there may be any doubt as to its existence.[2] Our jurisdiction to consider the merits of an appeal depends on whether the appeal has been taken in substantial compliance with the rules governing the conditions under which an order or judgment is appealable.[3] Ordinarily, a party has no right to directly appeal anything other than the final judgment or ruling of the trial court.[4] Because Owens Temple's counterclaim is still pending before the trial court, the order dismissing the plaintiffs' complaint does not qualify as a final judgment.[5] Moreover, the plaintiffs did not seek a certificate of immediate review under OCGA § 5-6-34 (b). Thus, unless the trial court's order falls under some other exception to the final judgment rule, this appeal must be dismissed.[6]

The most likely exception would be the exception to the final judgment rule for orders granting summary judgment "on any issue or as to any party."[7] The trial court titled its order an "Order on Motion for Summary Judgment," recited the standards for reviewing a motion for summary judgment, and stated in the judgment line that "Defendant's Motion for Summary Judgment is hereby GRANTED."

churches when property rights are involved and when the suit is brought on behalf of a majority of the congregation.") (citations and punctuation omitted).

[2] *Fulton County v. State*, 282 Ga. 570, 570 (651 SE2d 679) (2007); *Crane v. State*, 281 Ga. 635, 635 (641 SE2d 795) (2007).

[3] *Fulton County v. State*, supra, 282 Ga. at 570; *Trammel v. Clayton County Bd. of Commrs.*, 250 Ga. App. 310, 311 (551 SE2d 412) (2001).

[4] *Smith & Wesson Corp. v. City of Atlanta*, 273 Ga. 431, 435 (543 SE2d 16) (2001). See *Foley v. Shanahan*, 133 Ga. App. 262, 262 (211 SE2d 367) (1974) ("Piece-meal review is not favored by the courts.").

[5] OCGA § 5-6-34 (a) (1); *Crane v. State*, supra, 281 Ga. at 636.

[6] *Crane v. State*, supra, 281 Ga. at 636; *Smith & Wesson Corp. v. City of Atlanta*, 273 Ga. at 435.

[7] OCGA § 9-11-56 (h).

However, the appealability of an order is determined, not by its form or the name given to it by the trial court, but rather by its substance and effect.[8]

The trial court purported to grant partial summary judgment in Owens Temple's favor based on its lack of subject matter jurisdiction over the claims contained in the plaintiffs' complaint. However, a dismissal for lack of subject matter jurisdiction is not a summary judgment, regardless of how it is styled. A summary judgment is a judgment on the merits of the underlying claims or defenses.[9] But if the trial court truly lacks subject matter jurisdiction to decide a question, it has no power to enter a judgment on the merits.[10] Thus, an order granting summary judgment for lack of subject matter jurisdiction is a contradiction in terms.[11]

The trial court's order is best viewed as an order dismissing the plaintiffs' complaint for failure to comply with the requirements of OCGA § 9-11-17. This section of the Civil Practice Act provides that "[e]very action shall be prosecuted in the name of the real party in interest," and that "[t]he capacity of an individual, including one acting in a representative capacity, to bring or defend an action shall be determined by the law of this state."[12] The purpose of this section is to protect parties against subsequent actions by the individuals or entities that are actually entitled to recover and to ensure that

---

[8] *Levingston v. Crable*, 203 Ga. App. 16, 18 (416 SE2d 131) (1992); *Robert Chuckrow Constr. Co. v. Gough*, 117 Ga. App. 140, 144 (159 SE2d 469) (1968).

[9] *Ogden Equip. Co. v. Talmadge Farms, Inc.*, 232 Ga. 614, 614 (208 SE2d 459) (1974); *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 221 (633 SE2d 623) (2006).

[10] *Stephens v. Shields*, 271 Ga. App. 141, 141, n. 1 (608 SE2d 736) (2004); *Bd. of Regents &c. of Ga. v. Oglesby*, 264 Ga. App. 602, 605 (591 SE2d 417) (2003). See *Feist v. Dirr*, 271 Ga. App. 169, 172-173 (609 SE2d 111) (2004) ("A trial court must determine at the first opportunity whether it has subject matter jurisdiction to deal with an issue even if there is a dispute as to facts. . . . Where the trial court must determine an issue in abatement, i.e., subject matter jurisdiction, the determination of such disputed factual issue is not a determination on the merits, because the merits of the case are never tested.").

[11] See *Porter v. Buckeye Cellulose Corp.*, 189 Ga. App. 818, 821 (377 SE2d 901) (1989) ("[T]hough the trial court was correct in concluding that it had no subject matter jurisdiction, the court was incorrect insofar as the judgment was styled as a grant of summary judgment rather than a grant of a motion to dismiss. Although this point was not raised by either party, we are constrained to note that a motion for summary judgment is designed to test the merits of a cause of action and cannot be granted on a matter in abatement. Because subject matter jurisdiction is such a matter, it must be resolved on a motion pursuant to OCGA § 9-11-12 (b), not by a motion for summary judgment.") (citations omitted); *Stivali v. Aquiport Aylesbury, Inc.*, 244 Ga. App. 389, 389 (535 SE2d 551) (2000) ("While the trial court purported to grant the defendants' motion for summary judgment, we consider the substance and function of a motion rather than its name. In this case the appellants' motion challenged the trial court's subject matter jurisdiction, which is a matter in abatement, and the trial court's order was not a grant of summary judgment, but a dismissal of Stivali's claim.") (citations omitted).

[12] OCGA § 9-11-17 (a), (b).

judgments are given their proper res judicata effect.[13] Dismissal for failure to comply with the requirements of OCGA § 9-11-17 is a matter in abatement that does not go to the merits of the underlying case.[14] As we have previously held, "[i]t follows that summary judgment cannot properly be granted to a defendant on the basis of a real-party-in-interest objection."[15]

There appears to be little disagreement between our view and that articulated by the dissenting opinion. The dissenting opinion recognizes that in deciding what a trial court's order actually is, substance rather than form controls, and that the trial court erred in describing its order as one granting summary judgment for lack of subject matter jurisdiction. The dissenting opinion also appears to accept our determination that the trial court's order is best viewed as one dismissing the complaint for failure to comply with the requirements of OCGA § 9-11-17 and even acknowledges that a real party in interest objection generally does not go to the merits of an action, but instead is a "matter in abatement" for which summary judgment is inappropriate.

The dissenting opinion nevertheless concludes that the trial court's order was a judgment on the merits and therefore properly treated as a grant of partial summary judgment because it conclusively determined that "there does not exist *any* real party in interest who could be substituted as plaintiff" to challenge Owens Temple's claim of title to the property. This statement reads too much into the trial court's order. The trial court found, not that Owens Temple was the *only* real party in interest who could possibly raise the claims asserted in the complaint, but rather that *these particular* plaintiffs failed to meet their burden to show that they could do so. Others may yet emerge who claim authority to speak on behalf of First Christ who have better evidence to support their claim than these plaintiffs were able to muster. After all, one of the primary functions of OCGA § 9-11-17 is "to protect the defendant . . . against a subsequent action

[13] *Smith v. 6595 RR Corp.*, 269 Ga. App. 651, 651-652 (605 SE2d 58) (2004); *Town & Country Dodge, Inc. v. World Omni Financial Corp.*, 261 Ga. App. 503, 504 (583 SE2d 182) (2003).

[14] *Wurlitzer Co. v. Watson*, 207 Ga. App. 161, 164 (427 SE2d 555) (1993); *Rigdon v. Walker Sales & Svc.*, 161 Ga. App. 459, 462 (288 SE2d 711) (1982). See 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1554 ("A dismissal for want of the real party in interest is not on the merits and should be framed so that it will not bar any action that the real party in interest might decide to bring at a later time.").

[15] *Dept. of Human Resources ex rel. Holland v. Holland*, 263 Ga. 885, 887 (440 SE2d 9) (1994) (citation and punctuation omitted). See *Town & Country Dodge, Inc. v. World Omni Financial Corp.*, supra, 261 Ga. App. at 504 ("Summary judgment is not the proper vehicle to decide a real party in interest objection.").

by the party actually entitled to recover."[16] To the extent that the Court of Appeals' decision in *Walden v. John D. Archbold Mem. Hosp., Inc.*[17] could be construed as requiring a contrary result, it is hereby expressly disapproved.

Accordingly, the trial court's order is not subject to the exception to the final judgment rule for grants of partial summary judgment, and the plaintiffs failed to follow the procedures for obtaining a certificate of immediate review. This appeal must be, and hereby is, dismissed.

*Appeal dismissed. All the Justices concur, except Carley, J., who dissents.*


HUNSTEIN, Presiding Justice, concurring.

I concur fully in the majority's conclusion that the trial court's order amounted to a dismissal for failure to comply with OCGA § 9-11-17; that such a dismissal constitutes the grant of a plea in abatement; that, as such, the appeal of the dismissal order cannot be brought under OCGA § 9-11-56 (h); and that, accordingly, the appeal must be dismissed due to appellant's failure to comply with the interlocutory appeal procedures prescribed in OCGA § 5-6-34 (b). I write separately only to note that I believe it unnecessary to disapprove, as the majority's opinion does, the Court of Appeals' opinion in *Walden v. John D. Archbold Mem. Hosp.*, 197 Ga. App. 275 (398 SE2d 271) (1990), as I believe that *Walden* does not demand a result contrary to that reached by the majority.

In *Walden*, supra, the issue presented was whether dismissal or substitution of parties was the proper remedy where no real party in interest existed at the time the defendants' motion to dismiss was granted. Id. at 277-278 (4). The Court of Appeals reasonably held that the trial court did not err in ordering dismissal because no real party in interest existed at that time for purposes of substitution (though a real party in interest did exist as of the time of appeal). Id. at 278-279 (4). Contrary to the dissent's characterization, *Walden* did not hold that the lack of existence of a real party in interest somehow converts what would be the grant of a plea in abatement (where a real party in interest existed but was not named in the suit[18]) to the grant of a plea in bar. In fact, in *Walden*, there was no need to address that issue because the appeal there was pursued as an interlocutory appeal, see

---

[16] *Rigdon v. Walker Sales & Svc.*, supra, 161 Ga. App. at 462 (citation and punctuation omitted).

[17] *Walden v. John D. Archbold Mem. Hosp., Inc.*, 197 Ga. App. 275 (398 SE2d 271) (1990).

[18] See, e.g., *Amica Mut. Ins. Co. v. Fleet Multi Fuel Corp.*, 178 Ga. App. 859 (344 SE2d 742) (1986).

id. at 276, in implicit recognition that the trial court's dismissal order did not constitute a directly appealable grant of summary judgment, i.e., plea in bar.

In sum, I conclude that the result reached by the majority is not inconsistent with *Walden* and that it is thus unnecessary to disapprove *Walden* as the majority does. With this caveat, I concur in the majority's opinion.

CARLEY, Justice, dissenting.

In dismissing this appeal, the majority ignores the fact that there does not exist *any* real party in interest who could be substituted as plaintiff. In these circumstances, the defense of "real party in interest" cannot constitute a matter in abatement. Thus, a motion for summary judgment was appropriate, and the grant of that motion was directly appealable pursuant to OCGA § 9-11-56 (h).

The trial court purported to grant the defendant congregation's motion for summary judgment based upon lack of subject matter jurisdiction. However, we must consider the substance of that motion and order. " '[I]t is an elementary rule of pleading that substance, not mere nomenclature, controls.' [Cit.]" *State v. Smith*, 276 Ga. 14-15 (1) (573 SE2d 64) (2002). When we disregard the nomenclature, it becomes clear that subject matter jurisdiction was not the basis for the motion or the trial court's order. The trial court found that the plaintiffs, who were not members of the defendant congregation, could not bring suit on behalf of the umbrella organization and its members, because the undisputed evidence shows that the defendant congregation constitutes the majority of the membership of that organization. There was no challenge to the proposition that, if the plaintiffs had standing and were the real parties in interest, the trial court could lawfully exercise jurisdiction over the subject matter of the complaint. See *Burry v. DeKalb County*, 165 Ga. App. 246, 248 (1) (299 SE2d 602) (1983).

Ordinarily, a "real party in interest" objection "does not go to the merits of an action, but rather is a matter in abatement for which summary judgment is inappropriate. [Cits.]" *Tri-County Investment Group v. Southern States*, 231 Ga. App. 632, 636 (2) (500 SE2d 22) (1998). Thus, when a motion is made based on the prosecution of a suit by one who is not the proper party plaintiff,

> such a motion is to be treated as a matter in abatement, in that the erring party, rather than having judgment entered against him, is now simply precluded from proceeding with the suit until the error has been corrected by the substitution of the proper party plaintiff.

*Amica Mut. Ins. Co. v. Fleet Multi Fuel Corp.*, 178 Ga. App. 859, 861 (344 SE2d 742) (1986). However, the fact that the "real party in interest did not exist to be substituted into this action at the time the judgment[ ] below [was] rendered distinguishes this case from *Amica Mut. Ins. Co. v. Fleet Multi Fuel Corp.*, [supra]." *Walden v. John D. Archbold Mem. Hosp.*, 197 Ga. App. 275, 278 (4) (398 SE2d 271) (1990). The majority can disregard the non-existence of a real party in interest at the time of judgment only by expressly disapproving *Walden*, which is a whole-court decision of the Court of Appeals. See OCGA § 15-3-1; Court of Appeals Rule 33 (a). I respectfully submit that *Walden* is well reasoned and should be approved and followed rather than discarded.

When the judgment was entered in this case, only the defendant congregation, because it constituted the majority of the umbrella organization, was arguably authorized to bring suit on behalf of that organization. However, "[a] person cannot sue himself; the same person cannot be both plaintiff and defendant in the same action, even in different capacities. [Cits.]" *Connell v. Murray*, 205 Ga. App. 702, 703 (423 SE2d 304) (1992). Therefore, the defendant congregation could not bring suit, as the representative of the umbrella organization, against itself. Moreover, even if such an action was theoretically possible, the defendant congregation has resisted suit and clearly would not consent to be substituted as plaintiff. Furthermore, the evidence shows that there has not been any meeting of a majority of the members of the umbrella organization authorizing the filing of a complaint on its behalf, and the plaintiffs have not produced any countervailing evidence. Thus, there does not exist any real party in interest who could be substituted as plaintiff.

Accordingly, the trial court's decision that the plaintiffs could not represent the umbrella organization because only the defendant congregation constituted a majority did "not abate [the] action until a proper party plaintiff can be substituted[,]" but rather "resulted in a final disposition of [the] action and thus constituted [the grant of] a plea in bar. The motion to dismiss . . . therefore when supported by evidence outside the pleadings became a summary judgment. [Cit.]" *Burry v. DeKalb County*, supra. Thus, contrary to the majority, a direct appeal from the trial court's grant of summary judgment is available pursuant to OCGA § 9-11-56 (h), and the plaintiffs were not required to follow the interlocutory appeal procedures of OCGA § 5-6-34 (b). I therefore dissent to the dismissal of this appeal.

DECIDED JANUARY 8, 2008.

*Clark & Clark, Fred S. Clark*, for appellants.

*Weiner, Shearhouse, Weitz, Greenberg & Shawe, David E. Laesser II, William G. Glass, Malcolm McKenzie III*, for appellee.