**FOURTH DIVISION**
**DILLARD, P. J.,**
**MCFADDEN, P.J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 23, 2023**

# In the Court of Appeals of Georgia

A23A1090. TRACY GARNER et al. v. ACADIA HEALTHCARE COMPANY, INC. et al.

PIPKIN, Judge.

Appellants Tracy Garner, as the conservator of the estate of William Garner, and the estate of William Garner, appeal from the trial court's order granting Appellees'[1] motion to dismiss Appellants' first amended complaint for failure to state a claim for relief. In their first amended complaint, Appellants alleged, among other things, wrongful death and ordinary negligence claims against the owners, operators, and employees of a mental health facility that evaluated William in April 2019. Specifically, Appellants alleged that William had been missing since his discharge from the facility and that Appellees breached a duty of care owed to William to keep

---

[1]Appellants filed suit against Acadia Healthcare Company, Acadia Management Company, Riverwoods Behavioral Health d/b/a Lakeview Behavioral Health Hospital, and William D. Anderson, Jr., hereinafter referred to as "Appellees."

him safe. On appeal, Appellants put forth numerous arguments concerning how the trial court erred in its order dismissing their complaint. However, we need not reach any of these arguments, as we conclude that the trial court properly dismissed Appellants' complaint for lack of standing. Accordingly, we affirm the decision of the trial court.

1. "A motion to dismiss may be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his or her claim." (Citation and punctuation omitted.) *Curles v. Psychiatric Solutions, Inc.*, 343 Ga. App. 719, 720 (808 SE2d 237) (2017). "We review the trial court's ruling on a motion to dismiss under the de novo standard of review." Id. So viewed, the record shows that William Garner, by and through his attorneys, filed the original complaint in July 2021, alleging alter ego/instrumentality; intentional infliction of emotional distress; ordinary negligence, respondeat superior, negligent hiring/retention/supervision; civil conspiracy; breach of fiduciary duty; violations of the Georgia Business Practices Act; punitive damages; bad faith; and general damages, all stemming from William's discharge from Lakeview Behavioral Health and his subsequent disappearance.

On April 18, 2022, a "Suggestion of Death" was filed notifying Appellees that William was "deceased" and that the Forsyth County Probate Court had appointed Tracy Garner to serve as conservator of William Garner's estate. Attached to the

2

notice, however, was a "Letter of Conservatorship of Missing Individual," naming Tracy Garner as the conservator over a "missing individual's estate" - i.e., William Garner. Appellants filed a motion requesting that the estate of William Garner, and Tracy Garner, as conservator, be substituted as party plaintiffs. The trial court granted the motion, and Appellants amended the complaint in July 2022, adding a claim of wrongful death.

Appellees timely answered the amended complaint and asserted in their defenses that Appellants lacked standing to pursue their claims. Appellees also filed a motion to dismiss for failure to state a claim and, in their brief in support, preserved their challenge to Appellants' standing, arguing that Appellants did not meet the requirements of OCGA § 51-4-5 under Georgia's wrongful-death statute. Appellants responded, arguing that, while no court had made a formal declaration of William's death, the presumption of death codified in the probate code at OCGA § 53-9-1 et seq., established their standing to file a wrongful death action. The trial court summarily granted Appellees' motion to dismiss, and, in a subsequent order, explained that "[t]he Court agreed with every argument put forth by [Appellees] in support of their motion."

2. Appellants allege that the trial court erred by dismissing the amended complaint. We disagree. It is well-established that the wrongful-death statute is an act in derogation of the common law, which means that, when a court is called upon to

3

interpret this statute, "the express language of the Act will be followed and no exceptions to the requirements of the Act will be read into the statute by the courts." (Citation and punctuation omitted.) *Toomer v. Metro Ambulance Svcs., Inc.*, 364 Ga. App. 469, 473 (2) (875 SE2d 479) (2022). *Lovett v. Garvin*, 232 Ga. 747, 748 (208 SE2d 838) (1974) ("Since [the wrongful-death statute] gives a right of action not had under common law, it must be limited strictly to the meaning of the language employed and not extended beyond its plain and explicit terms."). As this Court has previously noted, "[t]hose instructions sound a lot like what we already do when we interpret statutes: give the statutory text its plain and ordinary meaning, viewed in the context in which it appears[.]" (Citation and punctuation omitted.) *Toomer*, 364 Ga. App. at 473 (2).

The portion of the wrongful death statute relevant to determining whether Appellants have standing to bring this lawsuit is OCGA § 51-4-5,[2] which states as follows:

> (a) When there is no person entitled to bring an action for the wrongful death of a decedent under Code Section 51-4-2 or 51-4-4, *the administrator or executor of the decedent* may bring an action for and may recover and hold the amount recovered for the benefit of the next

---

[2]Of course, this is assuming that there are no spouses or children potentially entitled to relief under OCGA § 51-4-2. The record is currently silent on this issue. Indeed, Appellants pled no facts in their amended complaint asserting that no one else is entitled to bring a wrongful death action in this case.

of kin. In any such case the amount of the recovery shall be the full value of the life of the decedent.

(b) When death of a human being results from a crime or from criminal or other negligence, *the personal representative of the deceased person* shall be entitled to recover for the funeral, medical, and other necessary expenses resulting from the injury and death of the deceased person.

(Emphasis supplied). By its plain terms, the statute authorizes an administrator or executor of "the decedent" or the personal representative of "the deceased person" to bring an action for wrongful death. By Appellants' own admission, the probate court has not yet determined whether William is deceased, see OCGA § 53-9-3 (describing requirements for probate court to "enter an order finding that the missing individual is dead" for the purposes of administration of estates), and the complaint only shows that Appellants were appointed the conservator and estate of a *missing* person.

Appellants argue that this case can still proceed because, under the probate code, a legal presumption of death arises once a person has been missing for a period of four years. See OCGA § 53-9-1 (a). Even assuming that this Court could rely on the rebuttable presumption in the probate code to establish that a death had occurred in this case, this Court cannot create a judicial exception to the statute establishing who may bring a wrongful death action. See *Toomer,* 364 Ga. App. at 473. Accordingly, the rebuttable presumption of death in OCGA § 53-9-1 is of no consequence here because Appellants have not been appointed as the administrator

5

of a deceased person's estate. And, because of this, Appellants do not have standing to bring a wrongful death action. See *Walden v. John D. Archbold Mem. Hosp., Inc.*, 197 Ga.App. 275, 276-277 (2) (398 SE2d 271) (1990) (the trial court did not err in dismissing negligence and malpractice actions where appellants were neither administrators of decedent's estate, nor otherwise considered "proper parties"), disapproved of on other grounds, *First Christ Holiness Church, Inc. v. Owens Temple First Christ Holiness Church, Inc.*, 282 Ga. 883, 887 (655 SE2d 605) (2008). Likewise, the trial court properly dismissed the remaining claims in Appellants' amended complaint because all claims for relief stem from William's purported death.

*Judgment affirmed. Dillard, P. J., concurs and McFadden, P. J., dissents.*

A23A1090. ESTATE OF WILLIAM DAVID GARNER et al. v. ACADIA HEALTHCARE COMPANY, INC. et al.

MCFADDEN, Presiding Judge, dissenting.

I respectfully dissent. The majority affirms the dismissal of the underlying wrongful death complaint on the basis that the applicable statute, OCGA § 51-4-5, authorizes an administrator or executor of a "decedent" or the personal representative of a "deceased person" to bring a wrongful death action, but that the complaint in this case does not allege that there is such a decedent or deceased person and instead "only shows that the Appellants were appointed the conservator and estate of a *missing* person." (Emphasis in original). But contrary to the majority's reasoning, the complaint alleges that the action was brought on behalf of a deceased person.

At this stage, that allegation is sufficient.

2

[B]ecause [we are] reviewing an order on a motion to dismiss, [we are] required to take the allegations in the complaint as true and resolve all doubts in favor of the plaintiff. The well-established test that must be satisfied before a motion to dismiss can be granted is a demanding one: A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In reviewing such a motion, any doubts regarding the complaint must be construed in favor of the plaintiff.

*Wise Bus. Forms v. Forsyth County*, ___ Ga. ___ (2) (Case No. S22G0874, decided Sept. 19, 2023) (citations and punctuation omitted).

So construed, the first amended complaint alleged that plaintiff Tracy Garner is the "brother and conservator of the *deceased*, William David Garner[.]" (Emphasis supplied). The complaint further alleged that William was believed to be deceased, that the defendants' negligence was the proximate cause of his death, and that the plaintiffs sought damages for the value of his life and for his funeral expenses.

Based on the allegations in the complaint and construing all doubts regarding the complaint in favor of the plaintiffs, it shows the action was brought by the conservator and the estate of decedent William Garner. Because the complaint is sufficient to survive the motion to dismiss for failure to state a claim, I would reverse.

3

November 16, 2023

ON MOTION FOR RECONSIDERATION

Appellants move for reconsideration of our opinion on three grounds. They argue that the issue on which we decided the appeal was not properly preserved for review, that controlling precedent required this Court to remand the case to the trial court so that Appellants could have the opportunity to add a proper party plaintiff, and, finally, that the Court should reverse the dismissal of claims that did not depend on William Garner's death. We are not persuaded by these arguments and, consequently, deny the motion for reconsideration.

Appellants first argue that Appellees never filed a specific objection to Appellants' standing. But the filing of a motion to dismiss is an objection. See, e.g., *Dover Realty v. Butts County Bd. of Tax Assessors*, 202 Ga.App. 787, 789 (1) (415 SE2d 666) (1992) (motion to dismiss challenging party's status as real party in interest constituted "objection" within meaning of OCGA § 9-11-17(a)). And here, in their motion to dismiss, Appellees specifically preserved their challenge to Appellants' standing as real parties in interest; they thoroughly argued that the wrongful death claim failed as a matter of law because Appellants did not meet the requirements of OCGA § 51-4-5 and because no court of competent jurisdiction made the requisite findings that William Garner was deceased. In response to the motion, Appellants argued that the case should proceed "in the interest of judicial economy" because of the existence of the rebuttable presumption of death in the probate code. While neither party one cites the "real party in interest" statute, the substance of the

arguments presented to the trial court concerned both standing and whether the case could proceed in light of the fact that William Garner had not been declared dead under the relevant statutes. Further, after the trial court summarily granted the motion to dismiss, a ruling which this Court can affirm as right for any reason, see *Alred v. Georgia Pub. Def. Council*, 362 Ga. App. 465, 471, n. 13 (869 SE2d 99) (2022), Appellants raised the same arguments on appeal concerning the presumption of death and judicial economy as they did in the trial court.

Appellants also argue that, instead of affirming the grant of the motion to dismiss, the proper action for this Court to take on appeal was to remand to allow them time to join the real party in interest under OCGA § 9-11-17 (a). However, both this Court and the Georgia Supreme Court have held that "[a]n objection to a party's status as the real party in interest is a matter in abatement and does not go to the merits of the action. Thus such objections are properly disposed of pursuant to a motion to dismiss rather than a defendant's motion for summary judgment." (Citations and punctuation omitted.) *Bogart v. Wisconsin Inst. for Torah Study*, 321 Ga. App. 492, 493 (1) (739 SE2d 465) (2013). See also *First Christ Holiness Church, Inc. v. Owens Temple First Christ Holiness Church, Inc.*, 282 Ga. 883, 886 (655 SE2d 605) (2008) ("Dismissal for failure to comply with the requirements of OCGA § 9-11-17 is a matter in abatement that does not go to the merits of the underlying case. As we have previously held, it follows that summary judgment cannot properly be granted to a defendant on the basis of a real-party-in-interest

2

objection." (citations and punctuation omitted)). Even assuming that Appellants are correct, which they are not, William Garner is still only a missing person and has not been declared dead by any court. In other words, a real party in interest to the wrongful death claim does not currently exist, so a remand would not provide Appellants with the remedy they seek.

Finally, Appellants contend that we should reverse the dismissal of the remaining claims related to damages that William Garner suffered while he was alive - i.e., the claims for intentional infliction of emotional distress, negligence, breach of fiduciary duty, and the Georgia Fair Business Practices Act violations. While we agree that the administrator of a decedent's estate is entitled to prosecute claims separate and apart from a claim for wrongful death, a plain reading of Appellants' complaint shows that they have tied all of these "stand alone" claims to William Garner's death,[1] which remains unresolved. Indeed, the authority cited by Appellants in support of this argument all involve actions filed by the administrator of a *deceased* person's estate. See generally *Skyjack, Inc. v. Mois*, 346 Ga. App. 26 (815 SE2d 239) (2018) and *MARTA v. Maloof*, 304 Ga. App. 824 (698 SE2d 1) (2010). Accordingly, this argument provides no ground for reconsidering our opinion.

---

[1] For instance, Appellants alleged that William Garner suffered "physical bodily injury, mental injury, and damages" "[a]s a direct and proximate result of Defendants' breach of duty" and because "Defendants were negligent in their actions which is the proximate cause of [Garner's] disappearance and/or death."

3